## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> CMC II, LLC, <br><br> Debtor. <br><br> Employer's Tax Identification No. 90-0766973 | Chapter 11 <br><br> Case No. 21-10461 (xxx) |
| In re: <br><br> SALUS REHABILITATION, LLC, <br><br> Debtor. <br><br> Employer's Tax Identification No. 20-5694037 | Chapter 11 <br><br> Case No. 21-10460 (xxx) |
| In re: <br><br> 207 MARSHALL DRIVE OPERATIONS LLC, <br><br> Debtor. <br><br> Employer's Tax Identification No. 38-3858470 | Chapter 11 <br><br> Case No. 21-10462 (xxx) |
| In re: <br><br> 803 OAK STREET OPERATIONS, LLC, <br><br> Debtor. <br><br> Employer's Tax Identification No. 37-1653900 | Chapter 11 <br><br> Case No. 21-10463 (xxx) |

| | |
|---|---|
| In re:<br><br>SEA CREST HEALTH CARE MANAGEMENT, LLC<br><br>　　　　　Debtor.<br><br>Employer's Tax Identification No. 58-2642940 | Chapter 11<br><br>Case No. 21-10464 (xxx) |
| In re:<br><br>CONSULATE MANAGEMENT COMPANY, LLC<br><br>　　　　　Debtor.<br><br>Employer's Tax Identification No. 20-5065824 | Chapter 11<br><br>Case No. 21-10465 (xxx) |

**MOTION OF DEBTORS FOR ENTRY OF ORDER (I) DIRECTING JOINT ADMINISTRATION OF CASES AND (II) WAIVING CERTAIN REQUIREMENTS OF BANKRUPTCY CODE SECTION 342(c)(1) AND BANKRUPTCY RULE 2002(n)**

CMC II, LLC ("**CMC II**" or the "**Manager Debtor**") and certain of its affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "**Debtors**" or the "**Company**"), hereby move (this "**Motion**") this Court for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), granting the relief described below. In support thereof, the Debtors rely upon the *Declaration of Paul Rundell in Support of Chapter 11 Petitions and First Day Papers* (the "**First Day Declaration**")[1] filed with the Court contemporaneously with this Motion. In further support of the Motion, the Debtors respectfully state as follows:

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

- 2 -

**RELIEF REQUESTED**

1.     By this Motion, the Debtors respectfully request entry of an Order (a) directing the joint administration of the Chapter 11 Cases (*as defined below*) for procedural purposes only, and (b) waiving the requirement that notices provided in the Chapter 11 Cases strictly comply with Rule 2002(n) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and section 342(c)(1) of title 11 of the United States Code (the "**Bankruptcy Code**") and implementing a simplified caption to be used in all case pleadings.

2.     In particular, the Debtors request that the official caption to be used by all parties in all papers in the jointly-administered cases be as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CMC II, LLC,[1] | Case No. 21-10461 (xxx) |
| Debtors. | (Jointly Administered) |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: CMC II, LLC (6973), Salus Rehabilitation, LLC (4037), 207 Marshall Drive Operations LLC (8470), 803 Oak Street Operations LLC (3900), Sea Crest Health Care Management, LLC (2940), and Consulate Management Company, LLC (5824). The address of the Debtors' corporate headquarters is 800 Concourse Parkway South, Maitland, Florida 32751.

3.     In addition, the Debtors request that the Court make a separate docket entry on the docket of each of the Debtors' Chapter 11 Cases (except that of CMC II), substantially as follows:

> An order has been entered in this case consolidating this case with the case of CMC II, LLC, Case No. 21-10461 (___) for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 21-10461 (___) should be consulted for all matters affecting this case.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

5. The legal predicates for the relief requested herein are sections 105(a) and 342(c)(1) of the Bankruptcy Code, Bankruptcy Rules 1005, 1015(b), and 2002(n), and Rules 1015-1 and 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

6. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

7. On March 1, 2021 (the "**Petition Date**"), each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").

8. The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9. To date, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") has not appointed a creditors' committee in the Chapter 11 Cases, nor has any trustee or examiner been appointed therein.

10. The Debtors in these Chapter 11 Cases manage and operate skilled nursing facilities ("**SNFs**"), providing a variety of services to mostly elderly residents that include short-term rehabilitation, comprehensive post-acute care, long-term care, and physical, occupational, and speech therapies. Debtor CMC II provides management and support services to approximately 140 SNFs, each of which is operated by an affiliate of the Debtors (such SNFs, the "**Managed SNFs**", and such operators, the "**Managed SNF Operators**") under the common ownership of non-Debtor LaVie Care Centers, LLC ("**LVCC**"), doing business as Consulate Health Care. Two of the Managed SNF Operators are Debtors in these Chapter 11 Cases: 207 Marshall Drive Operations LLC ("**Marshall**") and 803 Oak Street Operations LLC ("**Governor's Creek**" and, together with Marshall, the "**Operator Debtors**"). Each of the Operator Debtors operates a 120-bed SNF located in Northern Florida. The remaining Debtors, Salus Rehabilitation, LLC, Sea Crest Health Care Management, LLC, and Consulate Management Company, LLC, are no longer operational but historically provided rehabilitation and management services, respectively.

11. Additional factual background regarding the Company's business operations, corporate and capital structures, and restructuring efforts are described in greater detail in the First Day Declaration, which is incorporated in this Motion by reference.

## BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY

12. Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of the debtor and such affiliates. Fed. R. Bankr. P. 1015(b). Local Rule 1015-1 provides that an order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Bankruptcy Rule 1015, supported by an affidavit, which establishes that the joint administration of two or more cases pending in this

Court is warranted and will ease the administrative burden for the Court and the parties. Del. Bankr. L.R. 1015-1.

13. As set forth in the First Day Declaration, each of the Debtors are "affiliates" of each other as that term is defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b). Thus, joint administration of the Debtors' Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

14. The joint administration of the Chapter 11 Cases will promote efficiency by permitting the Clerk of the Court to use a single, general docket for the cases and to combine notices to creditors and other parties-in-interest of the Debtors' respective estates. The Debtors anticipate that almost all of the papers, hearings, and orders in the Chapter 11 Cases will relate to all of the Debtors. In particular, joint administration will permit counsel for the Debtors and for other parties-in-interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file papers in one case rather than in multiple cases. Joint administration will also protect parties in interest by ensuring that parties in each of the Debtors' respective Chapter 11 Cases will be apprised of the various matters before this Court in the Chapter 11 Cases.

15. Further, the rights of the respective creditors and stakeholders of each of the Debtors will not be adversely affected by joint administration of these cases because the relief sought is purely procedural and will not affect parties' substantive rights.

16. The Debtors reserve all rights to file a subsequent motion seeking authority to jointly administer their cases with additional cases if the circumstances warrant doing so.

17. Courts in this district have routinely granted the same or similar relief as requested in this Motion to chapter 11 debtors. *See, e.g.*, *In re the Hertz Corp.*, No. 20-11218 (MFW) (Bankr. D. Del. May 27, 2020); *In re Quorum Health Corp.*, No. 20-10766 (KBO) (Bankr. D. Del. Apr. 8,

2020); *In re Melinta Therapeutics, Inc.*, No. 19-12748 (LSS) (Bankr. D. Del. Dec. 30, 2019); *In re Imerys Talc Am., Inc.*, No. 19-10289 (LSS) (Bankr. D. Del. Feb. 14, 2019); *In re Maremont Corp.*, No. 19-10118 (KJC) (Bankr. D. Del. Jan. 23, 2019); *In re Claire's Inc.*, No. 18-10583 (MFW) (Bankr. D. Del. Mar. 20, 2018); *In re Aerogroup Int'l, Inc.*, No. 17-11962 (KJC) (Bankr. D. Del. Sept. 18, 2017); *In re True Religion Apparel, Inc.*, No. 17-11460 (CSS) (Bankr. D. Del. July 6, 2017); *In re TK Holdings Inc.*, No. 17-11375 (BLS) (Bankr. D. Del. June 27, 2017).[2]

## NOTICE

18. Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Internal Revenue Service; (c) the Securities and Exchange Commission, (d) the parties included on the Debtors' consolidated list of their thirty (30) largest unsecured creditors; (e) counsel to the proposed DIP Lender; (f) the Office of the United States Attorney for the District of Delaware; (g) all known holders of liens in the Debtors' assets; (h) counsel to the plaintiffs in the case captioned *U.S.A. ex rel. Angela Ruckh v. CMC II, LLC et al.*, and (i) the Debtors' landlords.  As this Motion is seeking "first day" relief, notice of this Motion and any order entered in connection with the Motion will be served on all parties as required by Local Rule 9013-1(m).  Due to the urgency of the circumstances surrounding this Motion and the nature of the relief in it, the Debtors respectfully submit that no further notice of this Motion is required.

## NO PRIOR REQUEST

19. No previous request for the relief sought herein has been made to this Court or any other court.

---

[2] Because of the voluminous nature of the orders cited herein, they are not attached to this Motion, but are available upon request.

**CONCLUSION**

**WHEREFORE**, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in the Motion and such other and further relief as the Court may deem proper

| | |
|---|---|
| Dated: March 2, 2021<br>Wilmington, Delaware | **CHIPMAN BROWN CICERO & COLE, LLP**<br><br>/s/ Mark D. Olivere<br>William E. Chipman, Jr. (No. 3818)<br>Robert A. Weber (No. 4013)<br>Mark L. Desgrosseilliers (No. 4083)<br>Mark D. Olivere (No. 4291)<br>Hercules Plaza<br>1313 North Market Street, Suite 5400<br>Wilmington, Delaware 19801<br>Telephone:   (302) 295-0191<br>Facsimile:    (302) 295-0199<br>Email:           chipman@chipmanbrown.com<br>                    weber@chipmanbrown.com<br>                    desgross@chipmanbrown.com<br>                    olivere@chipmanbrown.com<br><br>*Proposed Counsel to the Debtors and Debtors-In-Possession* |